## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| MATTHEW ALEXANDER O'NEILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 25-1193-TC-GEB |
| | ) | |
| DERBY POLICE DEPARTMENT and | ) | |
| OFFICER LANDON WISE #2309. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## <u>MEMORANDUM AND ORDER</u>

Plaintiff filed his Complaint (ECF No. 1) on August 28, 2025, and simultaneously filed a Motion to Proceed Without Prepayment of Fees (ECF No. 3, *sealed*). After review of the Motion, the Court ordered Plaintiff to supplement his Affidavit of Financial Status (ECF No. 5). Plaintiff filed an updated Affidavit of Financial Status on September 12, 2025 (ECF No. 7). For the reasons set forth herein, the Court **GRANTS** Plaintiff's Motion to Proceed Without Prepayment of Fees **(ECF No. 3, *sealed*).**

Under 28 U.S.C. § 1915(a), the Court has the discretion[1] to authorize the filing of a civil case "without prepayment of fees or security thereof, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security thereof." "Proceeding *in forma pauperis* in a civil case 'is a privilege, not a right—fundamental or otherwise.'"[2] To determine whether a party is eligible to file without prepayment of the fee, the Court

---

[1] *Barnett ex rel. Barnett v. Nw. Sch.*, No. 00-2499-KHV, 2000 WL 1909625, at *1 (D. Kan. Dec. 26, 2000) (citing *Cabrera v. Horgas*, 173 F.3d 863, at *1 (10th Cir. April 23, 1999)).

[2] *Id.* (quoting *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998)).

commonly reviews the party's financial affidavit and compares his or her monthly expenses with the monthly income disclosed therein.[3]

Both the Tenth Circuit Court of Appeals and this Court have a liberal policy toward permitting proceedings *in forma pauperis*.[4] After careful review of Plaintiff's description of his financial resources (ECF No. 7, *sealed*), and comparison of Plaintiff's listed monthly income to his listed monthly expenses, the Court finds he is financially unable to pay the filing fee. Further, having reviewed Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2), the Court does not find grounds to recommend dismissal of the case in its entirety at this time. The Court will only recommend dismissal of Plaintiff's Count IV for failure to state a claim. This determination regarding initial screening does not constitute any finding on the merits of Plaintiff's claims, and Defendants retain all rights to challenge the sufficiency of the Complaint through appropriate motions practice.

Accordingly, **IT IS THEREFORE ORDERED** that Plaintiff's Motion to Proceed Without Prepayment of Fees **(ECF No. 3)** is **GRANTED.**

**IT IS FURTHER ORDERED** Plaintiff's Counts I-III shall proceed as pled.

**IT IS FURTHER ORDERED** Although Plaintiff proceeds *in forma pauperis*, the clerk of the court is directed to **stay service of process** pending the Court's review of the forthcoming Report and Recommendation of dismissal of Plaintiff's Count IV.

---

[3] *Alexander v. Wichita Hous. Auth.*, No. 07-1149-JTM, 2007 WL 2316902, at *1 (D. Kan. Aug. 9, 2007) (citing *Patillo v. N. Am. Van Lines, Inc.*, No. 02-2162-JWL, 2000 WL 1162684, at *1) (D. Kan. Apr. 15, 2002) and *Webb v. Cessna Aircraft*, No. 00-2229-JWL, 2000 WL 1025575, at *1 (D. Kan. July 17, 2000)).

[4] *Mitchell v. Deseret Health Care Facility*, No. 13-1360-RDR, 2013 WL 5797609, at *1 (D. Kan. Sept. 30, 2013) (citing, generally, *Yellen v. Cooper*, 828 F.2d 1471 (10th Cir. 1987)).

**IT IS SO ORDERED**.

Dated this 11th day of March 2026, at Wichita, Kansas.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge
