**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

|  |  |  |
|---|---|---|
| MATTHEW ALEXANDER O'NEILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 25-1193- TC-GEB |
| | ) | |
| DERBY POLICE DEPARTMENT and | ) | |
| OFFICER LANDON WISE #2309. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER AND REPORT AND RECOMMENDATION**

This matter is before the Court regarding Plaintiff's Complaint (ECF No. 1), filed on August 28, 2025, alleging 1) a civil rights claim under 42 U.S.C. § 1983 ("§ 1983") for violation of his Second Amendment rights, 2) defamation; 3) a § 1983 religious discrimination claim, and 4) breach of an Oath of Office. For the reasons set forth herein, the Court **RECOMMENDS DISMISSAL IN PART** of Plaintiff's claims **(ECF No. 1)**, specifically Count IV for breach of an Oath of Office, for failure to state a claim. Plaintiff's claims as pled in Counts I-III should be permitted to proceed.

I.     **NOTICE**

Within fourteen (14) days after Plaintiff is served with a copy of this Report and Recommendation, he may, pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2) file written objections to the same. Plaintiff must file any objections within the time prescribed in the event he seeks appellate review of the proposed findings of fact, conclusions, of law, or recommended disposition.

1

## II.    BACKGROUND[1]

Plaintiff filed his Complaint and Financial Affidavit on August 28, 2025.[2] After the Court ordered supplementation of Plaintiff's Affidavit of Financial Status, Plaintiff further supplemented the Motion with an updated Affidavit of Financial Status (ECF No. 7). Upon review of Plaintiff's Complaint, he brings four counts asserting federal jurisdiction for: 1) a § 1983 claim for violation of his Second Amendment rights, 2) defamation; 3) § 1983 religious discrimination, and 4) breach of an Oath of Office.

Plaintiff contends on August 25, 2025 he visited a gun store in Sedgwick County, Kansas where he attempted to complete the purchase of his newly ordered AR-9 firearm. Plaintiff then asserts he was approached by officer Landon Wise of the Derby Police Department, Badge No. 2309, who denied Plaintiff possession of the firearm. Officer Wise allegedly told Plaintiff the denial was based on a past charge for resisting arrest and labeled Plaintiff a "religious zealot." He seeks compensatory and punitive damages as well as a declaratory judgment for the alleged violations of his first and second amendment rights.

## III.    ANALYSIS

When a party seeks to proceed without the prepayment of fees, the *in forma pauperis* statute, 28 U.S.C. § 1915, requires the court to screen the party's complaint. Under § 1915, *sua sponte* dismissal of this case is required if the court determines the action: 1) is frivolous or malicious; 2) fails to state a claim upon which relief may be granted; or 3)

---

[1] Unless otherwise indicated, the information recited in this section is taken from the Complaint (ECF No. 1). This background information should not be construed as judicial findings or factual determinations.

[2] ECF No. 3-1, *sealed*.

seeks relief from a defendant who is immune from suit. The purpose of § 1915(e) is "the prevention of abusive or capricious litigation."[3] After application of these standards, the undersigned Magistrate Judge recommends dismissal of Plaintiff's Count IV for breach of an Oath of Office.

Fed. R. Civ. P. 8(a)(2) requires that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." This requires the complaint state more than "labels and conclusions" and "[f]actual allegations must be enough to raise a right to relief above the speculative level."[4] Because Plaintiff proceeds *pro se*, his pleadings must be liberally construed.[5] However, he still bears the burden to allege "sufficient facts on which a recognized legal claim could be based"[6] and the Court cannot "take on the responsibility of serving as [his] attorney in constructing arguments and searching the record."[7] Finally, Fed. R. Civ. P. 8 "demands more than naked assertions."[8]

Here, Plaintiff contends Defendant breached his oath of office by failing to uphold constitutional rights. He asserts when the Defendant denied Plaintiff the right to take possession of a "legally purchased" firearm, Defendant failed to fulfill the obligations of

---

[3] *Harris v. Campbell*, 804 F. Supp. 153, 155 (D. Kan. 1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989) (citing language contained in § 1915(d), prior to the statute's amendment in 1996)).

[4] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[5] *Hall v. Bellmon*, 935 F. 2d 1106, 1110 (10th Cir. 1991).

[6] *Id.*

[7] *Mays v. Wyandotte County Sheriff's Dep't*, 419 F. App'x 794, 796 (10th Cir. 2011) (internal edits omitted) (citing *Garrett v. Selby Connor Maddux & Janer,* 425 F.3d 836, 840 (10th Cir. 2005)).

[8] *Cohen v. Delong*, 369 F. App'x 953, 957 (10th Cir. 2010) (citing *Ashcroft v. Iqbal,* 556 U.S. 662 (2009)).

his oath of office. Plaintiff contends these actions, contrary to the oath, will undermine the public trust in law enforcement.

However, there is no legally cognizable claim for breach of an Oath of Office. Oaths of office do not create a private or federal cause of action.[9] Specifically, public officials oaths of office do not create a private cause of action for failing to uphold constitutional rights.[10] Thus, Plaintiff's claim fails to state a cognizable claim on which a civil cause of action can be based and the Court recommends dismissal of Plaintiff's Count IV for breach of an Oath of Office.

For the reasons described above, **IT IS RECOMMENDED** Plaintiff's Count IV for breach of Oath of Office **(ECF No. 1-1 at 7-8)** be **DISMISSED** for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).

**IT IS FURTHER ORDERED** no summons shall issue in this case until further order of the Court.

**IT IS SO ORDERED**.

Dated this 27th day of March 2026, at Wichita, Kansas.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge

---

[9] *Van Skiver v. Hill*, No. 96-1313-JTM, 1997 WL 86333, at *4 (D. Kan. Feb. 24, 1997) ("Similarly, the Federal Rules of Civil Procedure, the doctrine of stare decisis and Kansas law regarding oaths of office do not create any private, federal cause of action."). *See also, e.g.*, *Ramos v. Bd. of Cnty. Comm'rs of Cnty. of Saline*, 2000 WL 1478542, at *2-3 (D. Kan. 2000) (dismissing claims where the plaintiff cited no authority to support his position that statute created a cause of action and court could find no case law recognizing such claim); *Serna v. BLM Worland Field Office*, 614 F. App'x 384, 386 (10th Cir. 2015) ("Generally, criminal statutes do not create a private cause of action.").

[10] *Simon v. Hollis*, No. 97-1164-JTM, 1997 WL 542721, at *6 (D. Kan. Aug. 26, 1997), *aff'd* sub nom. *Simon v. N. Farms, Inc.*, 139 F.3d 912 (10th Cir. 1998).